United States District Court
for the
Southern District of Florida

| | |
|---|---|
| IMED Surgical, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-24065-Civ-Scola |
| | ) |
| Orthex, LLC and others, | ) |
| Defendants. | ) |

### Order Requiring Amended Complaint

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record here, the Court is uncertain whether it has subject matter jurisdiction over this action.

A party seeking to invoke a federal court's diversity jurisdiction must allege "facts" showing federal subject matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.* Here, Plaintiff IMED Surgical, LLC's citizenship allegations are insufficient to assure the Court is has diversity jurisdiction over this case.

To begin with, in the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list all the members of the limited liability company along with each member's citizenship. *Id.*

Several limited liability companies are parties to this lawsuit and their citizenships cannot be discerned from IMED's allegations. First, regarding its own citizenship, IMED first claims it is "organized and existing under the laws of . . . New Jersey." (Compl. ¶ 3, ECF No. 1.) It then further explains it is owned by WishBone ExFx, which IMED describes as "an Oklahoma limited liability company and domicile[d in] Indiana." (*Id.* at ¶ 4.) IMED then identifies the citizenship of two individuals, neither of whom is a party, as Turkey. (*Id.*) In order to properly identify the citizenship of IMED, IMED must first list all its

members and then identify each member's citizenship. IMED must also clarify the relevance of the citizenship of the two Turkish citizens.

IMED runs into similar problems regarding its identification of the citizenship of a number of the Defendants as well. For example, IMED describes Defendant Orthex, LLC as "a Florida limited liability company with its principal place of business [in] Florida." (*Id.* at ¶ 6.) IMEX then recounts that Abraham Levi was Orthex's "managing member" when it was founded and that Orthex's current registered agent is Victor Lavi. (*Id.* at ¶¶ 7, 9.) Again, IMED must identify all of Orthex's members and their respective citizenships. Revealing the identity and citizenship Orthex's founding managing member tells the Court nothing about who the current members are and what their respective citizenships may be; revealing the identity and citizenship of Orthex's registered agent is also useless in setting forth Orthex's citizenship. On the other hand, IMED also says "Orthex is a wholly-owned subsidiary of Defendant OrthoPediatrics" and that OrthoPediatrics, in turn, is a Delaware corporation, with a principal place of business in Indiana. (*Id.* at ¶¶ 12, 13.) If that is the case, the Court is at a loss as to how Orthex could then be a Florida company, as IMED claims. (*Id.* at ¶ 10.)

Finally, IMED identifies Squadron Capital Holdings LLC as the sole member of Defendant Squadron Capital, LLC. (*Id.* at ¶ 15.) IMED then recounts that the four members of Squadron Capital Holdings are, in turn, four separate trusts. (*Id.*) IMED then says the co-trustees of each of these trusts are two individuals: Harry B. Rosenberg and Charles E. Dobrusin, both of whom are citizens of Illinois. (*Id.*) On the one hand, IMED describes Squadron Capital as a Connecticut company with a principal place of business in Connecticut, but then acknowledges the company is a citizen of Illinois. (*Id.* at ¶ 14.) Additionally, where the citizenship of a trust must be determined, "it is necessary to determine whether the entity has the characteristics of a traditional trust, in which the trustee possesses certain customary powers and is the real party in interest, or whether the entity is an unincorporated artificial entity with rights in or control to the trust." *Liberty Ins. Underwriters, Inc. v. O & S Holdings, LLC*, 8:18-CV-2042-T-36TGW, 2018 WL 8244495, at *2 (M.D. Fla. Sept. 5, 2018). IMED, thus, must allege facts assuring the Court that the trustees—and not, for example, the beneficiaries—are the relevant entities or individuals, for the purpose of identifying the citizenship of the trusts in this case. IMED must also clarify why it describes Squadron Capital as a Connecticut company.

Based on the allegations in the complaint, then, the Court is unable to ascertain whether complete diversity exists. Accordingly, IMED must file an amended complaint which adequately alleges federal-subject-matter jurisdiction by **October 16, 2020**. Further, IMED is forewarned that its citizenship allegations may not be based on conjecture, but, instead, must be alleged as

facts—not "upon information and belief." *See Investissement Yves Auclair, Inc. v. MLM Experts, LLC*, 617CV2131ORL41KRS, 2018 WL 1832867, at *2 (M.D. Fla. Jan. 25, 2018), *report and recommendation adopted,* 617CV2131ORL41KRS, 2018 WL 3344549 (M.D. Fla. July 9, 2018) (noting "allegations based 'upon information and belief' are not a substitute for establishing jurisdictional facts"). IMED is also forewarned that if it fails to file an amended complaint by the date listed above or the amended complaint fails to provide the facts necessary to establish jurisdiction, this Court may dismiss this case without prejudice.

**Done and ordered** in Miami, Florida, on October 6, 2020.

Robert N. Scola, Jr.
United States District Judge